# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLSEN SECURITIES CORPORATION, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-6932** |
| **RLI MT. HAWLEY INSURANCE COMPANY, ET AL.** | **SECTION: "C" (4)** |

## ORDER

Before the Court is an unopposed **Motion to Fix Attorney's Fees Into The Record** (**R. Doc. 33**) filed by Defendant, Mt. Hawley Insurance Company ("Mt. Hawley"), in compliance with the Court's **Order (R. Doc. 31)**, which granted as unopposed Mt. Hawley's Motion To Compel Discovery (R. Doc. 27). The motion was heard without oral argument on Wednesday, October 1, 2008.

## I. Factual Summary

Plaintiffs, Olsen Securities Corporation and Clifford E. Olsen ("the Plaintiffs"), were obligated to provide responses to written discovery requests in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34, but failed to do so. As a result, Mt. Hawley filed a Motion to Compel Discovery (R. Doc. 31), which was granted by the undersigned on June 13, 2008. The Court ordered the award of attorney's fees and costs in connection with the Plaintiffs' failure to comply. Mt. Hawley now seeks an award of $1,122.00 in attorneys fees and costs.

Mt. Hawley filed a **Motion to Fix Attorneys Fees Into The Record** (**R. Doc. 33**) and attached an affidavit by its lead counsel, Erick Y. Miyagi ("Miyagi"). Mt. Hawley failed to append

a time report, which, presumably should have been taken contemporaneously with the rendering of legal services. However, Mt. Hawley includes this information in the body of its Memorandum In Support. (*See* R. Doc. 33, pp. 1-2). In Miyagi's affidavit, he itemized the services that he rendered in connection with Mt. Hawley's motion to compel and motion to fix attorney's fees. The Plaintiffs did not file an opposition to Mt. Hawley's motion.

In total, Mt. Hawley seeks the recovery of $1,122.00 in attorney's fees. Based on the materials submitted by Mt. Hawley regarding the time expended on the motions, Miyagi worked 6.60 hours at a rate of $170.00, for a resulting total of $1,122.00.

## II. **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.  Analysis

#### A.  Calculating a Reasonable Hourly Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing

that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, Mt. Hawley seeks the recovery of $1,122.00 in attorney's fees for 6.60 hours of work by its counsel, Miyagi at an hourly rate of $170.00. In support of the hourly rate, Mt. Hawley submits the affidavit of its attorney, Miyagi.

According to Miyagi's affidavit, he graduated from Louisiana State University Law School in 1993. (R. Doc. 33-2, ¶ 2). He avers that he is employed as a partner with the law firm of Taylor, Porter, Brooks, & Phillips, L.L.P. in Baton Rouge, Louisiana and has worked there since his graduation in 1993. (R. Doc. 33-2, ¶ 2). He also maintains that he had the primary responsibility for defending the above-captioned matter. (R. Doc. 33-2, ¶ 3). Based on the Court's calculation, Miyagi has practiced law for approximately 15 years. In the body of the motion, Mt. Hawley attests that Miyagi charges an hourly rate of $170.00 for his legal services. (R. Doc. 33, p. 2).

After considering Miyagi's approximate 15 years of legal experience and hourly rate of $170.00, the Court finds that the requested rate is within the range of the prevailing market rates previously found by this Court and by other courts in this District. *See Battiste v. Allstate Ins. Co.*, Civ. A. 07-8790, 2008 WL 2787468, at *2 (E.D. La. Jul. 16, 2008) (Roby, J). (awarding an hourly rate of $150.00 to a lawyer with eighteen (18) years of legal experience); *Davis v. Am. Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J). (awarding hourly rates of

$125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J). (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

The Court finds that Miyagi's proposed fees are aligned with the legal rates typically charged in a routine discovery dispute. Thus, after reviewing the prevailing market rates for legal services in this area from the case law for work on standard motions to compel, the Court concludes that a rate of $170.00 is appropriate and reasonable for Miyagi's work in this matter.

### B.     **Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary.

5

*Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, Miyagi makes no indication as to whether he exercised billing judgment by omitting various entries from the billing request. Upon review of the entries, the Court will nevertheless conduct a line-by-line analysis of the billing statement to determine the reasonableness of Mt. Hawley's requested fees. After conducting a line-by-line analysis of the time entries submitted by Mt. Hawley, the Court concludes that the hours Mt. Hawley reported on the motion to compel and the motion to fix attorneys' fees are excessive in many areas.

Ultimately, Mt. Hawley's motion to compel was not a motion to test the sufficiency of the Plaintiffs' discovery responses. Mt. Hawley propounded discovery, and the Plaintiffs did not answer. The motion was not difficult nor did it involve novel or unique issues of law or fact. Rather, it was simply a standard motion to compel responses that were required under the Rules.

In light of the routine nature of the motion, the Court looks to the reasonableness of Miyagi's work on the motion. On May 29, 2008, Miyagi billed a total of 1.80 hours for drafting the motion to compel and the associated memorandum in support. The Court notes that the motion consists of one paragraph, and the accompanying memorandum, minus the caption, header, and signature line, is at most, two pages in length. The Court therefore concludes that 1.80 hours is excessive, and reduces the hours expended to 1.00 hour.

Miyagi's next entry is for 2.30 hours of time expended on May 30, 2008. According to Mt. Hawley, Miyagi purportedly spent the 2.30 hours: (1) drafting and revising the motion and

memorandum; (2) drafting the proposed Order; (3) drafting the Notice of Hearing; and (4) drafting the Rule 37.1 Certificate. As noted above, the motion to compel was a simply motion that did not require extensive analysis and/or research. This is evidenced by the fact that counsel cites no case law whatsoever in the motion. Rather, the motion consists primarily of background information, a one paragraph standard of review, and one sentence for analysis, with a brief conclusion paragraph. The Court also observes that the Notice of Hearing consists of one sentence which sets forth procedural data, such as the date and time of the hearing. Likewise, the Rule 37.1 Certificate consists of two sentences. In light of the foregoing, the Court concludes that 2.30 hours is indeed excessive, Therefore, the Court reduces this entry to 0.50 hours.

Next, looking at the work performed by Miyagi on June 17, 2008 to prepare the instant motion to fix attorney's fees, the Court takes issue with the 2.50 hours spent drafting the motion, the affidavit, and the proposed Order. The substantive portion motion to fix attorney's fees consists of one page of text; the remaining page consists of data directly from the time entry report. Furthermore, the affidavit contains largely factual information about Miyagi's personal work experiences and qualifications, and it includes an identical summary of the time expended which was apparently cut and pasted from the body of the motion itself. Finally, the Order is a standard form Order. Therefore, the Court finds that 1.00 hour is a more appropriate figure for the work performed in drafting the motion, affidavit, and order, not 2.50 hours. In sum, the Court awards Mt. Hawley $425.00 in legal fees for a total of 2.50 hours for the time spent by Miyagi on the above-mentioned motions and associated parts.

### C.     Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway*

*Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar. Therefore, the Court awards Mt. Hawley a total of $425.00 for 2.50 hours spent by Miyagi at an hourly rate of $170.00 for his work performed on the motions.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that Mt. Hawley Insurance Company's **Motion to Fix Attorneys Fees Into The Record** (**R. Doc. 33**) is hereby **GRANTED**. The Court finds that a total fee of **$425.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Olsen Securities Corporation and Clifford E. Olsen shall satisfy their obligation to Mt. Hawley no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this <u>11th</u> day of February 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**